## WOOD GIBSON *v.* WILLIAM PEARSALL.

To establish a defence in an action for rent, on the ground that the agreement under which the premises were occupied, is void by the statute against gaming, it must be shown that the landlord, at the time the agreement was made with the tenant, was a party to the illegal *intent*, and let the premises in furtherance thereof.

Where a landlord lets premises for a certain term and for an illegal purpose; and before the term expires, the tenant surrenders the premises to a third party, who agrees with the landlord to take them, and to pay at the end of the term the rent contracted for with the original tenant; it does not follow as matter of law, that the agreement with such third party is also tainted with illegality.

*It seems* that the statute regulating the taking of depositions *de bene esse*, and requiring the officer to insert therein every answer of the witness examined, which either party shall require to be included, is complied with by confining the direction to *answers*, leaving the officer to exclude questions in his opinion illegal or irrelevant. And a party is not empowered by this statute to go into a course of irrelevant inquiry, and have answers thereto included in the deposition.

Where the terms of an agreement, as expressed by the parties in their oral negotiation, and as finally settled upon by parol, are in evidence, it is doubtful whether the proving of such parol agreement requires the production of a written paper, to which parties, at the time of making the parol agreement, referred as a mere guide in settling the terms thereof.

The simple order of admitting proof, is in the discretion of a referee.

THIS action was tried before Hon. J. PRESCOTT HALL, as sole referee. It came up to the general term, on the defendant's motion to set aside a report in favor of the plaintiff, in accordance with the practice before late amendments to the code of procedure, and was heard upon a case made.

The material facts are stated in the opinion.

*David·Graham*, for the defendant.

*James R. Whiting*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—This action is brought for the use and occupation of certain premises belonging to the plaintiff, occupied by the defendant. The defence on the hearing rested mainly upon the ground, that the agreement

under which the premises were occupied was illegal and void under the statutes against gaming; and most of the exceptions taken on the hearing to the decisions of the referee, were founded on the rejection of testimony offered to establish this defence.

Although there is some apparent conflict in the testimony, it may be assumed, in considering this branch of the motion, that the evidence sufficiently established what the referee must have found to be proved. That the plaintiff let the premises to one Vanderslice, about the 1st of April, 1843, for the term of one year and one month, and that Vanderslice, after occupying the same for some four or six weeks, agreed with the defendant to take the premises off his hands; and that thereupon an agreement was made between the plaintiff and defendant and Vanderslice, that the plaintiff should substitute the defendant in the place of Vanderslice as the tenant of the premises, and discharge Vanderslice from his agreement to pay rent; and that the defendant should pay the plaintiff the rent from the first day of May, during the year—and in pursuance of that agreement the defendant entered into possession. Although it was insisted upon the argument that the evidence did not warrant a finding of these facts, they appear to me established by a preponderance of testimony. * * * *
Assuming the facts above mentioned, then, to have been found by the referee; was any competent evidence of an illegal contract rejected?

The defendant offered evidence which he insisted tended to prove—That *Vanderslice* in fact hired the premises for gaming purposes, and with intent so to occupy them; that *Vanderslice* actually occupied them for such purposes; that the plaintiff knew that Vanderslice so occupied them; that the defendant took them for the like purposes; that defendant used them for those purposes; that the plaintiff knew they were so used by the defendant; that the plaintiff knew when the agreement was made with the defendant, that they were to be so used, and let them to be so used.

Although in the course of the examination the referee re-

fused to allow proof of the manner in which the premises were occupied, until the defendant had *first* shown that the plaintiff, when he *let* them, knew they were to be so occupied; yet the testimony so offered was, in a subsequent stage of the examination, allowed to be given; and, upon the defendant's offer, the referee permitted him to give evidence, if he could do so; that Vanderslice did occupy them for gambling purposes; that plaintiff knew it; that the defendant owned the furniture; that the premises, when the defendant took possession, were to be occupied for such purposes; that the defendant did so occupy them; that plaintiff knew that they were so occupied by defendant.

These embraced all the matters which the defendant offered to prove, and although various exceptions were taken to the ruling of the referee on specific questions, yet the exceptions were either obviated by the subsequent admissions of testimony, or the ruling excepted to was so far modified as to permit the defendant to give the desired proof. But the referee held that, to establish the defence, it must be shown that the plaintiff, at *the time* the agreement was made with the defendant, was a party to the illegal intent, and let the premises in furtherance thereof. And if he was correct in this, the defendant has no just ground of complaint; for, although the referee, as above suggested, rejected some offers of testimony which the defendant supposed were competent as tending to prove that the plaintiff was a party to the *purpose* to which the premises were to be appropriated, the referee subsequently admitted all the evidence offered, which the defendant could properly insist upon; for he distinctly conceded to the defendant the right of proving all the facts proposed, if he *first* showed that the plaintiff, when he made the letting, *knew* the purpose to which the tenants intended to apply them.

So far as this ruling appertained to the mere order of proof, it rested in the discretion of the referee, and we think he would have been correct had he required the defendant even more rigidly to pursue the order of proof indicated.

The principle above stated, by which the referee was govern-

ed throughout the trial and in his conclusion, was the true rule on the subject.

The case of *Degroot* v. *Van Duzer*, 20 Wend. 390, and cases there cited, establish this as the correct rule, and the counsel on the argument herein did not contend that the rule of law was otherwise.

The conclusion of the referee from the evidence under this rule, was a finding of facts merely, and I think he was right in his conclusion that the defendant failed to show that the plaintiff even knew that the *defendant* entertained the purpose to use the premises for gaming purposes, when he hired. The letting to the defendant was a new contract, and although the plaintiff may have known that Vanderslice used the premises for gaming, or even let the premises to him for that express purpose, it does not follow, as *matter of law*, that the new contract with the defendant was tainted with illegality.

But the defendant insists, that the deposition of Vanderslice was improperly admitted in evidence, on the ground that an officer taking the examination of a witness *de bene esse*, is bound by statute to receive and take down every answer to questions proposed, and that in this case the judge before whom the deposition was taken, refused to allow a question presented by the defendant's counsel, on cross examination, to be put to the witness at all.

The statute is very explicit in its terms, requiring the officer to insert in the deposition *every answer* or *declaration* of the witness examined, which either party shall require to be included therein.

It is, in my judgment, unreasonable and very unfortunate, if the proper construction of this statute permits a party, who has a witness under examination, to make that the occasion for going into every species of irrelevant inquiry into matters having no possible connection with the controversy, and the abuses to which such a construction may lead, seem to me too obvious to require enumeration.

And it may well be doubted whether the statute is not fully satisfied by confining the direction therein to *answers*, and

leaving the legality and propriety of the question open to be passed upon by the officer taking the examination. This would be a literal compliance with the statute.

But I do not deem it necessary now to pass upon the question, since it is apparent, from the views before expressed, that the defendant was not in this case prejudiced by the disallowance of the question; any answer which the witness might have given to the question would have been irrelevant; and we will not set aside a report of a referee on motion, under such circumstances.

A further objection to the admissibility of the deposition of Vanderslice was made on the trial, which, though not strenuously insisted upon, was suggested on the argument of this motion, as ground for setting aside the report of the referee—it was this: the witness stated that it was his impression, that his agreement with the plaintiff, under which he occupied the premises of which the defendant became tenant, by substitution, was *in writing;* and the objection was, that such writing was not produced.

The agreement between the plaintiff and this defendant was by parol, and there may be doubt whether a paper of this description which, at the time of the making of a parol agreement is referred to as a mere guide in settling the terms of such parol contract, is required to be produced, if the terms of the parol contract sufficiently appear to have been *expressed* by the parties in their oral negotiation, and to have been finally settled upon by parol.

But be this as it may, or even admitting that the circumstances stated by Vanderslice, with his *impressions* in regard to the fact that such a writing existed, did, in legal strictness, require the production of the paper, I am not satisfied that the report of the referee should be disturbed on this ground.

The defendant acquiesced in the admission of the referee, without taking an exception.

There was proof sufficient of the terms of the hiring, in the receipt for the rent given in evidence by the defendant himself. The whole defence rested upon the illegality of the

agreement, and not at all upon any dispute in regard to the quantum of rent payable.

There can be no pretence that the defendant has been prejudiced by a departure from the rule, which, however valuable and important as a rule of evidence, is, in its application to this case, of no manner of importance to the defendant. His objection is therefore purely technical, and whatever might be our views if this point was before us on a bill of exceptions, we are not disposed to give it weight on a motion addressed in a large degree to the discretion of the court.

I am of opinion that the motion to set aside the report of the referee should be denied, with costs.

Ordered accordingly.